

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,369-01

### EX PARTE FUENAY G. MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 764045-B IN THE 230TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### ORDER

Pursuant to the provision of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus.[1] Applicant was convicted of engaging in organized crime and sentenced to fifteen months' imprisonment. He did not appeal his conviction. The habeas court has recommended that we grant relief.

Applicant contends, among other things, that he was denied counsel during his guilty-plea proceeding because plea counsel had been suspended and was not eligible to practice law in Texas.

---

[1] *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

We remanded this application for findings of fact and conclusions of law. On remand, the habeas court concluded that Applicant was denied his right to counsel because plea counsel was suspended from the practice of law when he represented Applicant.

However, this Court has not adopted a *per se* rule regarding the effect of the suspension or disbarment of counsel.[2] Rather, in *Cantu v. State*, we held that counsel would be deemed incompetent as a matter of law only if "the reasons for the discipline imposed reflect so poorly upon the attorney's competence that it may reasonably be inferred that the attorney was incompetent to represent the defendant in the proceeding in question."[3] We set forth the relevant factors for making this determination as: (1) severity of the sanction (suspension versus disbarment; length of suspension), (2) the reasons for the discipline, (3) whether the discipline was based upon an isolated incident or a pattern of conduct, (4) similarities between the type of proceeding resulting in discipline and the type of proceeding in question, (5) similarities between kinds of conduct resulting in the attorney's discipline and any duties or responsibilities the attorney had in connection with the proceeding in question, (6) temporal proximity between the conduct for which the attorney was disciplined and the proceeding in question, and (7) the nature and extent of the attorney's professional experience and accomplishments.[4]

The habeas court's findings of fact and conclusions of law recite the *Cantu* factors but do not analyze how they apply. As to factors one and two, counsel had been administratively suspended for failure to pay dues, which is not the type of violation that suggests incompetence to handle a

---

[2] *Cantu v. State*, 930 S.W.2d 594, 602 (Tex. Crim. App. 1996).

[3] *Id.*

[4] *Id.* at 602-03.

criminal case. As to factor three, it is true that the failure to pay dues was continuous and that counsel practiced law with the awareness that he was suspended for such failure. As to factors four and five, this pattern of failing to pay dues is not similar to the kinds of conduct involved in handling a criminal case for engaging in organized criminal activity.[5] As to factor six, counsel's failure to pay dues and his practice of law under suspension did in fact coincide with Applicant's proceedings. As to factor seven, the record does not reflect the nature of the attorney's professional experience and accomplishments. However, counsel obtained deferred adjudication in Applicant's case, which seems to be a rather favorable outcome. Counsel's continuous failure to pay dues and his practice of law during his suspension, while blameworthy, do not support a conclusion that counsel was incompetent to handle Applicant's criminal prosecution. Because the record does not support relief under the *Cantu* factors, we decline to grant relief on Applicant's denial-of-counsel claim.

Concluding that Applicant's remaining claims are also without merit, we deny relief.

Filed: June 5, 2019
Do not publish

---

[5] In its amended answer, the State noted that the Original Discipline Petition "alleged more than failure to pay dues[,] including neglecting legal matters, failing to carry out completely the obligations owed to a client, [and] engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation." However, those allegations do not appear to be the basis for the suspension, and proof has not been offered for them.